UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NOLA L SPICE WISE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHELLE LONG AND JOHN DOE LONG as husband and wife and their marital community therein are jointly and severally liable, PAULA SCHALBERG AND JOHN DOE SCHALBERG as husband and wife and their marital community therein are jointly and severally liable, and the GOVERNMENT EMPLOYEES INSURANCE COMPANY, b/k/a GEICO, is jointly and severally liable,<br><br>　　　　　　　　　Defendants. | CASE NO. 3:23-cv-05111-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO REMAND, MOTION FOR SANCTIONS AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff's Motion to Remand Lawsuit Back [sic] to Pierce County Superior Court on the Defendants' Improper Removal (Dkt. 15), Defendants Michelle Long, John Doe Long, Paula Schalberg and John Doe Schalberg's Motion for Summary Judgment (Dkt. 12), and Plaintiff's Motion for CR 11 Sanctions Against Attorney for

ORDER ON PLAINTIFF'S MOTION TO REMAND, MOTION FOR SANCTIONS AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1

1  Defendant Rory Leid III (Dkt. 14).  The Court has considered the pleadings filed in support of
2  and in opposition to the motions and the file herein.
3      Originally filed in state court, this case arises from an underinsured motorist insurance
4  ("UMI") claim Plaintiff made with her insurance company, GEICO.  The Defendants removed
5  the case.  The Plaintiff now moves to remand it.  The Defendants oppose the motion for remand
6  and move for summary judgment dismissal of the claims asserted against the individual
7  employees.  The Plaintiff further moves for an award of sanctions against the Defendants'
8  attorneys for having removed the case.
9      For the reasons provided, the Plaintiff's motion for remand (Dkt. 15) should be denied,
10 the Defendants' motion for summary judgment dismissal of the claims asserted against the
11 individual employees (Dkt. 12) should be denied without prejudice, and the Plaintiff's motion for
12 sanctions (Dkt. 14) should be denied.

### I.     RELEVANT FACTS AND PROCEDURAL HISTORY

**A. FACTS**

15 According to the Amended Complaint, Plaintiff was injured in a motor vehicle accident when
16 Ashley Lindstrom ran a red light and hit the Plaintiff's car.  Dkt. 1-2 at 23.  Ms. Lindstrom's
17 insurance company tendered policy limits of $25,000.00 which the Plaintiff accepted in
18 exchange for a full release of all claims against Ms. Lindstrom.  *Id.* at 24-25.
19 The Amended Complaint asserts that the Plaintiff filed her UIM claim with Defendant
20 GEICO on March 20, 2022.  Dkt. 1-2 at 25.  It claims that Plaintiff's UIM policy has a limit of
21 $50,000.00.  *Id.* at 26.  The Amended Complaint asserts that Defendant Michelle Long was
22 GEICO's insurance adjuster for the Plaintiff's UIM claim.  *Id.* at 25.  It maintains that at one
23 point a "heated, argumentative, combative, and confrontational conversation" occurred between
24

Plaintiff's attorney and Long, and that he demanded to speak with Defendant Long's supervisor, Defendant Paula Schalberg. *Id.* at 25-26. According to the Amended Complaint, GEICO, through Defendant Long, offered $2,500.00 to settle the claim. Dkt. 1-2 at 26. It contends that after Plaintiff's lawyer said that the only reason for the offer "was in order to attempt to irritate" him, Defendant Long stated that GEICO would be willing to reevaluate the offer with more information, specifically on the claimed left foot injury. *Id.* at 27. The Amended Complaint alleges that "Defendant Long indicated that if there is no preexisting condition to [Plaintiff's] left foot pain then GEICO would be willing to accept that the [accident] was the cause in fact due to a foot injury on the date of the accident in question." *Id.* It asserts that Plaintiff's lawyer, "in good faith, agreed with Defendant Long to provide his client's two prior years of all her medical history in exchange for GEICO's acceptance that [Plaintiff's] left foot was injured from the [accident]." *Id.* at 28.

The Amended Complaint contends that the $2,500.00 offer was insufficient because "damages were then in excess of $95,000.00." Dkt. 1-2 at 28-29. They were not able to settle the claim. *Id.*

On January 3, 2023, the Plaintiff filed this case in Pierce County, Washington Superior Court. Dkt. 1-2. The Amended Complaint makes a claim for breach of contract against GEICO based on the policy and states that "a secondary breach of contract occurred when Defendant Long agreed with [Plaintiff's lawyer] that if Plaintiff agrees with the release of all of her medical records for the prior two years from the date of the accident and that there are no pre-existing conditions then Plaintiff's left foot ailment would be conclusively due to the [accident]." *Id.* at 30-31.

Under the heading "Negligence Cause of Action," the Amended Complaint asserts that Defendants Long and Schalberg, acting within the course and scope of their employment "breached their respective duties of care by mishandling Plaintiff's case by neglecting any request for medical records or an independent medical examination until August of 2022." *Id.* at 31. It contends that Defendant Long "mishandled Plaintiff's case by not taking the time to calculate the damages for pain and suffering" or explained how damages were calculated. *Id.* at 31-32. The Amended Complaint maintains that Defendant Schalberg carelessly mischaracterized a portion of the medical record. *Id.* at 33.

The Plaintiff lastly makes a claim for violation of the Washington Consumer Protection Act, RCW 19.86, *et. seq.* ("CPA"), for GEICO employees Long and Schalberg's having "deceived" Plaintiff's lawyer regarding the provision of two years of medical records in exchange for a finding that the foot injury was related to the accident and for offering such a small settlement amount without a reasonable basis. *Id.* at 33-35. The Amended Complaint contends that Defendant Long acted in bad faith when she made the low offer "because she had a personal dislike for [Plaintiff's attorney] for allegedly calling her stupid during a heated . . . conversation." *Id.* at 35. It asserts that both Defendants Long and Schalberg acted within the scope of their employment with GEICO. *Id.* at 35. The Plaintiff seeks damages, including treble damages under the CPA, costs and attorney's fees. *Id.* at 35-36.

### B. PENDING MOTIONS

The Plaintiff moves to remand the case, asserting that Defendants Long and Schalberg are Washington residents so complete diversity is destroyed. Dkt. 15. She argues that there is no basis for the Defendants' contention that the amount in controversy is over $75,000.00. *Id.* The Defendants oppose the motion. Dkt. 19. In her reply, the Plaintiff acknowledges that she is

bringing her claims against Defendants Long and Schalberg only in their capacity as employees and does not seek damages or relief from them personally. Dkt. 24. She maintains that she "states all throughout her lawsuit that Long and Schalberg were acting within the course and scope of their respective employment with GEICO which means that GEICO is vicariously liable for their employees misconduct under agency law . . ." *Id.* at 3. She concludes that she "can bring suit against Defendants Long and Schalberg but not hold them personally liable but instead hold GEICO vicariously liable for their employees conduct." *Id.* at 3-4.

The Defendants move for summary judgment dismissal for the CPA and bad faith claims asserted against Defendants Long and Schalberg pursuant to *Keodalah v. Allstate Ins. Co.,* 194 Wash.2d 339 (2019). Dkt. 12. The Plaintiff filed a "Declaration of Robert L. Hayes in Response to Defendant's Motion for Summary Judgment." Dkt. 16. (Robert Hayes is the Plaintiff's lawyer. *Id.*) In this declaration, Mr. Hayes asserts that no supporting evidence was offered that Defendants Long and Schalberg are employees of GEICO and that there are additional causes of action asserted against Defendants Long and Schalberg: for breach of contract and for negligence. *Id.* Attorney Hayes maintains that *Keodalah* does not apply. *Id.* He further contends that:

> Under FRCR 17, all parties sued or to be sued must have a real party in interest. This is a concept learned in the first year of law school in civil procedure. A person cannot just sued [sic] a business without naming a real person who is responsible for the misconduct. This is a basic legal concept. Therefore, Plaintiff's counsel has named the parties to the lawsuit who are the responsible parties involved in Plaintiff's lawsuit. At no time has Plaintiff's counsel stated that Defendants Long and Schalberg were to be personally liable for any of the causes of action in Plaintiff's complaint for damages or amended complaint for damages. It has also been specifically stated throughout Plaintiff's lawsuit that Defendant Long and Schalberg were acting within the course and scope of their respective employments with GEICO meaning that Plaintiff does not have the intent to bring about any personal liability to Defendants Long and Schalberg.

Dkt. 16 at 3-4.

## II.     DISCUSSION

**A.  PLAINTIFF'S MOTION TO REMAND**

A federal court must grant a motion to remand if there is any defect which causes federal jurisdiction to fail or if there is any defect in the removal procedure.  *See* 28 U.S.C. § 1447(c).  The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  On a motion to remand, the removing defendant faces a strong presumption against removal.  *Id*. at 567; *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996).

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district ... where such action is pending." 28 U.S.C. § 1441(a).  One instance in which the district courts of the United States have "original jurisdiction" is where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity; each plaintiff must be diverse from each defendant.  *Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir 2001).

1. Diversity

Plaintiff is a Washington citizen (Dkt. 1-2) and Defendant GEICO is a citizen of Maryland (Dkt. 1 at 5).  The Amended Complaint does not clearly identify the citizenship of Defendants Long, Schalberg or their husbands; (the Notice of Removal contends that neither Defendant Long nor Defendant Schalberg are married.)  If Defendants Long and Schalberg are properly joined and they are citizens of Washington, complete diversity is destroyed and the case should be remanded unless an exception applies.

In the Ninth Circuit, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (*internal quotation and citations omitted*).

The Defendants have carried their burden and shown that the joinder of both adjusters Long and Schalberg was "fraudulent." The Amended Complaint asserts that both Long and Schalberg were GEICO adjusters that handled the Plaintiff's claims. The Plaintiff's assertion that the Defendants have not provided evidence that Long and Schalberg were GEICO employees or adjusters and so they cannot prevail, is without merit. The Plaintiff's case falls apart if they were not GEICO adjusters as she has alleged. Further, under settled Washington law, claims against insurance adjusters for bad faith and for CPA violations fail to state a claim as a matter of law. *Keodalah* at 345-353. The Plaintiff contends that *Keodalah* does not apply because it was the "second" case that Keodalah filed. That argument is not persuasive. After being unable to settle a UIM claim with Allstate, Keodalah sued Allstate for breach of contract and recovered damages after a jury trial in King County, Washington Superior Court. *Id.* at 342. After the jury verdict, Keodalah filed a second lawsuit against Allstate and the adjuster assigned to his case for bad faith, violations of the Washington Insurance Fair Conduct Act ("IFCA") and for violations of the CPA. *Id.* In *Keodalah,* the Washington State Supreme Court held that the bad faith, IFCA and CPA claims asserted against the insurance adjuster were not cognizable as a matter of Washington law and upheld dismissal of those claims. *Id.* at 345-353. The claims against the insurance company were not at issue; the case was remanded for further proceedings.

*Id.* The fact that the holding in *Keodalah* came in a second filed case is immaterial to the issues here.

The Plaintiff argues that the bad faith and CPA claims are not the only claims asserted. She points out that she also makes negligence and breach of contract claims. The Plaintiff has repeatedly said that she is not seeking any relief against Defendants Long and Schalberg for any of the asserted claims, but only against their employer, GEICO. Pursuant to Fed. R. Civ. P. 20(a)(2) "[p]ersons . . . may be joined . . . if (A) any right to relief is asserted against them . . ." The Defendants Long and Schalberg may not be joined here – no right to relief is asserted against them.

Under Fed. R. Civ. P. 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." The claims for bad faith and violation of the CPA against adjusters Long and Schalberg fail to state a claim as a matter of Washington law. No relief is sought against Defendants Long and Schalberg personally. They should be dropped as defendants from this case under Rule 21. The caption should be amended to remove their names.

This ruling does not effect any of the claims asserted against GEICO which remain active claims. Although the Plaintiff insists that employees of a company must be named defendants to sue the company, she fails to cite any authority that supports this contention. Claims for bad faith, violation of the CPA, breach of contract and negligence are all cognizable claims against an insurance company in Washington; the employees need not be named as defendants. *See, e.g. Perez-Crisantos v. State Farm Fire and Casualty Co.,* 187 Wash.2d 669, 690 (2017)(noting that claims against insurance companies may include claims sounding in bad faith, negligence, breach of contract and violation of the CPA).

    2. <u>Amount in Controversy</u>

1    Where it is unclear or ambiguous from a state-court complaint whether the requisite amount
2    in controversy ($75,000.00) is met, "the removing defendant bears the burden of establishing by
3    a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional
4    amount." *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007)(*internal*
5    *citations omitted*).  "The amount in controversy includes all relief claimed at the time of removal
6    to which the plaintiff would be entitled if she prevails."  *Chavez v. JPMorgan Chase & Co.*, 888
7    F.3d 413, 418 (9th Cir. 2018).

8    In her Amended Complaint, the Plaintiff seeks damages, including treble damages under the
9    CPA, attorneys' fees under the CPA, and costs.  Dkt. 1-3 at 20-21.  The Amended Complaint
10   states that damages at the time of GEICO's $2,500.00 offer "were in excess of $95,000.00"  In
11   their Notice of Removal, the Defendants contend that the amount in controversy is over
12   $75,000.00. Dkt. 1.

13    In support of their opposition to the motion to remand, the Defendants point to a demand
14   letter for $95,000.00 that the Plaintiff sent it before she filed the case and argue that this
15   establishes that the amount in controversy exceeds $95,000.00.  Dkt. 20-1 at 48.  The Plaintiff
16   argues that the demand letter is inadmissible under Fed. R. Evidence 408. Dkt. 24.  Rule 408
17   prohibits evidence of a settlement offer to "prove or disprove the validity or amount of a disputed
18   claim . . ."  In the Ninth Circuit, Rule 408 is inapplicable to disputes over the amount-in-
19   controversy for purposes of determining jurisdiction because it is not offered to prove the actual
20   value of the claims, but "merely to indicate [the Plaintiff's] assessment of the value" of the case.
21   *Cohn v. Petsmart, Inc.* 281 F.3d 837 n.3 (2002).  Rule 408 does not bar consideration of the
22   demand letter to determine the amount that the Plaintiff values her case.  The letter demands
23   $14,000.00 in "medical specials," $56,000.00 in "medical general damages or pain and
24

suffering," $5,000.00 in "future medical bills," and $20,000.00 in "future general damages." Dkt. 20-1 at 49. It also states that the Plaintiff has "unpaid medical specials" of $3,974.00 after a $10,000.00 PIP payment and estimates the cost of having to drive for medical treatment at $2,000.00. *Id.*

The Plaintiff claims that the $95,000.00 is no longer a valid amount because she received $25,000.00 from the original tortfeasor and $10,000.00 from GEICO from her Personal Injury Protection ("PIP") policy. Dkt. 24. She contends now that the amount in controversy is $60,000.00. *Id.* The Plaintiff fails to include the treble damages under the CPA that are available. Damages under the CPA may be trebled but are not to exceed $25,000.00. RCW 19.86.090. (The Plaintiff cites a case from 1990 that indicates that CPA treble damages were capped at $10.000). Further, she also claims attorneys' fees in her Amended Complaint. Although costs are excluded from §1332(a)'s amount-in-controversy, attorneys fees are included in the calculation. *Guglielmino* at 700. The amount-in-controversy is calculated based on all relief claimed at the time of removal if the Plaintiff prevails. *Chavez* at 418. The Defendants have shown that it is "more likely than not" that the total amount in controversy exceeds $75,000.00. *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398 (9th Cir. 1996).

**B. DEFENDANTS' MOTION FOR (PARTIAL) SUMMARY JUDGMENT ON BAD FAITH AND CPA CLAIMS ASSERTED AGAINST DEFENDANTS LONG AND SCHALBERG ONLY**

Although the motion for summary judgment on the bad faith and CPA claims asserted against adjusters Defendants Long and Schalberg only has merit pursuant to *Keodalah,* only those Defendants were improperly joined and should be dropped from the case. The motion (Dkt. 12) should be denied without prejudice. This motion does not address the application of the bad faith and CPA claims against Defendant GEICO.

### C. PLAINTIFF'S MOTION FOR SANCTIONS

The Plaintiff moves for sanctions of $1,000.00 in attorneys' fees to be assessed against the Defendants' attorney, Rory Lied III for removing the case. Dkt. 14. The motion should be denied. As above, the removal of this action was not improper.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion to Remand Lawsuit Back [sic] to Pierce County Superior Court on the Defendants' Improper Removal (Dkt. 15) **IS DENIED**;
  - Defendants Michelle Long, John Doe Long, Paula Schalberg and John Doe Schalberg **ARE DROPPED FROM THIS CASE** pursuant to Fed. R. Civ. P. 21; the caption **IS AMENDED** to remove their names;
- Defendants' Motion for Summary Judgment (Dkt. 12) **IS DENIED WITHOUT PREJUDICE**; and
- Plaintiff's Motion for CR 11 Sanctions Against Attorney for Defendant Rory Leid III (Dkt. 14) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of April, 2023.

*[signature]*

ROBERT J. BRYAN
United States District Judge