UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NOLA L SPICE WISE,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>THE GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY, b/k/a GEICO,<br>is jointly and severally liable,<br><br>　　　　　　　Defendant. | CASE NO. 3:23-cv-05111-RJB<br><br>ORDER ON MOTION TO AMEND<br>COMPLAINT FOR DAMAGES<br>AND FOR RECONSIDERATION |

This matter comes before the Court on the Plaintiff's Motion to Amend Complaint for Damages and for Reconsideration on Remand. Dkt. 30. The Court has considered the pleadings filed regarding the motion and the remaining file. It is fully advised.

### I.   FACTS

Originally filed in state court, this case arises from an underinsured motorist insurance claim Plaintiff made with her insurance company, Defendant GEICO. Dkt. 1-3. GEICO (and now dismissed Michelle Long, and Paula Schalberg, and their John Doe husbands) removed the case, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1.

ORDER ON MOTION TO AMEND COMPLAINT FOR DAMAGES AND FOR RECONSIDERATION - 1

The Plaintiff moved to remand the case, arguing that diversity jurisdiction was destroyed because GEICO employees Long and Schalberg were residents of Washington like the Plaintiff. Dkt. 15.  On April 5, 2023, the Plaintiff's motion to remand the case was denied.  Dkt. 27.  That order found that the Plaintiff had fraudulently joined Long and Schalberg.  *Id.*  Pursuant to Fed. R. Civ. P. 21, the Court dropped Long and Schalberg from the case and the caption was ordered amended to remove their names.  *Id.*  Long and Schalberg's motion for summary judgment was denied without prejudice.  *Id.*

The Plaintiff now moves for reconsideration of the April 5, 2023 order.  Dkt. 30.  She further moves to amend her Amended Complaint to add new Defendants Nathan Broderick and Jane Doe Broderick and to add Paula Schalberg back in as a defendant.  *Id.*  The Plaintiff submitted a proposed second amended complaint.  Dkt. 30-1.

As it relates to Schalberg, in the proposed second amended complaint, the Plaintiff alleges that after a dispute with adjuster Long occurred on a phone call with the Plaintiff's lawyer, Plaintiff's lawyer demanded to talk with Long's supervisor, Ms. Schalberg.  Dkt. 30-1 at 9-10.  According to the proposed second amended complaint, Ms. Schalberg told the lawyer that the phone conversations at GEICO were not recorded after Long told the lawyer that they were recorded.  *Id.* at 10.  The proposed second amended complaint asserts that Plaintiff's lawyer provided Ms. Schalberg a medical record - "a survey taken during [Plaintiff's] emergency room visit" after the accident and that Ms. Schalberg responded by email saying that this was "just a questionnaire."  *Id.* at 11.  It contends that in July of 2022, Plaintiff's lawyer and Ms. Schalberg discussed the multiplier method in computing pain and suffering damages but that she did not have any "good faith intent to accept the multiplier method with [Plaintiff's attorney]."  *Id.* at 11-12.

1    As to Nathan Broderick, the proposed second amended complaint alleges that the
2 Plaintiff's attorney asked to speak to the GEICO manager who "would be above" Schalberg and
3 Long. Dkt. 30-1 at 13. It contends that, "[t]his is when [the Plaintiff's lawyer] spoke to a
4 Nathan Broderick who claimed to be the manager for Schalberg and Long." *Id.*
5    The proposed second amended complaint asserts a breach of contract claim against
6 GEICO and Schalberg. Dkt. 30-1 at 13. It makes a negligence claim against GEICO, Schalberg,
7 and Broderick. Dkt. 30-1 at 14. The proposed second amended complaint asserts a "Consumer
8 Protection Violation" claim against GEICO. Dkt. 30-1 at 19. It is not clear whether the
9 proposed second amended complaint also asserts the "Consumer Protection Violation" claim
10 against the Schalberg or others.
11    GEICO responded and opposes the Plaintiff's motions. Dkt. 43. The Plaintiff filed a
12 reply. Dkt. 45. The motions are ripe for review. This opinion will first address the motion for
13 reconsideration and then the motion for leave to file the second amended complaint.

14                    **II.    DISCUSSION**

15    A.  **MOTION FOR RECONSIDERATION**

16    Local Rule W.D. Wash. 7(h)(1) provides that "[m]otions for reconsideration are
17 disfavored." Motions for reconsideration are ordinarily denied "in the absence of a showing of
18 manifest error in the prior ruling or a showing of new facts or legal authority which could not
19 have been brought to [the court's] attention earlier with reasonable diligence."
20    The Plaintiff's motion for reconsideration (Dkt. 30) should be denied. She has failed to
21 point to a "manifest error in the prior ruling." The Plaintiff has not made a "showing of new
22 facts or legal authority which could not have been brought to [the Court's] attention earlier with
23 reasonable diligence."
24

ORDER ON MOTION TO AMEND COMPLAINT FOR DAMAGES AND FOR RECONSIDERATION - 3

In her motion for reconsideration, the Plaintiff maintains that the court erred in determining that Ms. Schalberg was fraudulently joined, dropping Ms. Schalberg as a defendant, and in not remanding the case. Dkt. 30. The Plaintiff asserts that Ms. Schalberg was a supervisor and not an adjustor and so the holding in *Keodalah v. Allstate Ins. Co.,* 194 Wash.2d 339 (2019) doesn't apply to her.

*Keodalah* held that insurance employee adjusters are not subject to personal liability for insurance bad faith or for claims under the Washington Consumer Protection Act ("CPA"). *Id.* The *Keodalah* court found that Washington insurance companies, and not their employees, owe a duty of good faith, both under the common law and under statute in RCW 48.01.030, based on a "quasi fiduciary" relationship. *Id.* No such relationship exists between an insurance company's employees and the insureds. *See Id.*

Even assuming, without finding, that Schalberg was acting as a supervisor and not an adjuster, the Plaintiff makes no showing that the holding in *Keodalah* does not apply to other insurance company employees, like managers. There is no basis to conclude that Schalberg, or any other GEICO employee, is subject to personal liability for insurance bad faith claims or claims under the CPA.

The Plaintiff further argues that diversity is destroyed because GEICO is not a diverse party. Dkt. 30. She contends that although GEICO is incorporated and licensed in Maryland, it is the individual workers' residency that determine whether GEICO is a diverse party. *Id.* at 4-5 (*citing Kuntz v. Lamar Corp.,* 385 F.3d 1777, 1182 (9th Cir. 2004)). The Plaintiff misleadingly cites the portion of *Kuntz* which recounts the parties' arguments, not the court's rulings on the issues in the case. In *Kuntz,* Ninth Circuit held that a cooperative was a corporation, and as a corporation, its place of incorporation and principal place of business determined its citizenship,

ORDER ON MOTION TO AMEND COMPLAINT FOR DAMAGES AND FOR RECONSIDERATION - 4

not the cooperative's individual members' places of residency.  *Id.* at 1183.  There is no showing that GEICO's residency should be determined based on its employees' residency or that GEICO is a Washington state resident for purposes of diversity jurisdiction.

The Plaintiff's motion for reconsideration of the April 5, 2023 order (Dkt. 30) should be denied.  The April 5, 2023 order should be affirmed.

B. **MOTION TO AMEND AMENDED COMPLAINT**

Under Fed. R. Civ. P. 15 (a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  A motion to amend under Rule 15 (a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).  "A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209 (9th Cir. 1988)(*overruled on other grounds*).  Pursuant to Fed. R. Civ. P. 8 (a):

> **Claim for Relief**. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Plaintiff's motion to amend her amended complaint should be denied.  It does not contain a "short and plain statement[s]" of claims showing that she is entitled to relief against

Schalberg and Broderick. The proposed second amended complaint is legally insufficient. The Plaintiff has failed to show that amendment is not futile or in bad faith.

Further, there are several portions of the proposed second amended complaint in which the Plaintiff's lawyer appears to be acting as a witness; this may implicate Washington Rule of Professional Conduct ("RPC") 3.7. RPC 3.7 provides,

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case;
>
> (3) disqualification of the lawyer would work substantial hardship on the client; or
>
> (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

For example, the Plaintiff moves to add a breach of contract claim against Schalberg asserting that a breach of contract occurred when Schalberg agreed with the Plaintiff's attorney that "if Plaintiff agrees with the release of all her medical records for the prior two years from the date of the accident, and that there are no preexisting conditions then Plaintiff's left foot ailment would be conclusively due to the vehicular accident." Dkt. 30-1 at 13-14. However, the proposed second amended complaint states that it was adjuster **Long** and not Schalberg that had that conversation with the Plaintiff's lawyer. Dkt. 30-1 at 10-11. Further, Plaintiff's Amended Complaint also alleges that it was adjuster **Long** and not Schalberg that had that conversation

with the Plaintiff's lawyer. Dkt. 30-1 at 12-13. Plaintiff's lawyers credibility may become an issue if the case goes to trial.

### III. ORDER

It is **ORDERED** that:

- The Plaintiff's Motion to Amend Complaint for Damages and for Reconsideration on Remand (Dkt. 30) **IS DENIED**; and

- The April 5, 2023 Order **IS AFFIRMED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 19th day of May, 2023.

*[signature]*

ROBERT J. BRYAN
United States District Judge